IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

Case No. 03:07-cv-00233 WKW

---

| | |
|---|---|
| In re: | * |
| | * |
| BERNICE GUNN | * |
|     Debtor(s) | * Chapter 13 Case No: <u>06-80646</u> |
| | * |

---

| | |
|---|---|
| BERNICE GUNN | * |
|     Plaintiff | * |
| | * |
| vs. | * AP No: <u>06-08049</u> |
| | * |
| TITLEMAX OF ALABAMA, INC. | * |
|     Defendant | * |

---

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
HONORABLE WILLIAM R. SAWYER PRESIDING

---

BRIEF AND ARGUMENT OF DEBTOR/APPELLANT

---

Harvey B. Campbell, Jr.
Attorney for Debtor/Plaintiff
CAMPBELL & CAMPBELL, P.C.
P.O. Drawer 756
Talladega, Al. 35161
(256) 761-1858

Huel M. Love Jr.
Attorney for Debtor/Plaintiff
P.O. Box 1079
Talladega, Al. 35161
(256) 362-3073

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

**CASES:**

Ancata v. Prison Health Services, Inc. 769 F.2d 700, 703 (11th Cir. 1985) . . . . . . . . . . . 2,6,10,11

Barlow v. Evans, 992 F.Supp 1299 (M.D.Ala, 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,8,10

Dennis v. Handley, 453 F.Supp. 833, (N.D.Ala. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,10,11

Hishon v King & Spalding, 467 U.S. 69, 73, 81 L.Ed.2d 59,
104 S.Ct. 2229 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,6

Hyde v. Hutto Enterprises, Inc., No. 94-D-13-N, 1994 U.S.Dist. LEXIS
16655(M.D.Ala. Sept. 29, 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,8,10

In re Bush, 62 F.3d 1322 (11th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

In Re Headrick, 343 B.R. 762 (Bankr. E.D. Va. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

In Re James Cable Partners, L.P., 27 F.3d 524,536 (11th Cir. 1994) . . . . . . . . . . . . . . . . . . . . 2

In Re Sciafe, 825 F.2d 357 (11th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,8,10,11

In Re Wyatt, 338 B.R. 76 (Bankr. W.D. Mo. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Smith v Ford Motor Credit Company, 301 B.R. 585, 587 (N.D. Ala. 2003) . . . . . . . . . . . . . . 2

Wright v Newsome, 795 F.2d 964, 967 (11th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . 2,6,10,11

Wiley v. Earl's Pawn & Jewelry, Inc., 950 F.Supp. 1108 (1997) . . . . . . . . . . . . . . . . . . . . . 6,10

**STATUTES:**

12 C.F.R. §226.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

12 C.F.R. §226.17(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

12 C.F.R. §226.18 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

12 C.F.R. §226.20(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7,8

Ala.Code (1975) §5-19A-3(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Ala.Code (1975) §5-19A-10(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10,11

**STATEMENT OF JURISDICTION**

This is an appeal from a final judgment entered by the United States Bankruptcy Court for the Middle District of Alabama which dismissed Adversary Proceeding No 06-08049 with prejudice. The Bankruptcy Court had jurisdiction of the Adversary Proceeding pursuant to 28 U.S.C. §1334. This Court has appellate jurisdiction over this appeal pursuant to 28 U.S.C. §158(a) and §1334, which states that the District Courts of the United States have jurisdiction over appeals from final judgments, orders, and decrees of the United States Bankruptcy Courts.

**ISSUES PRESENTED**

Whether the Plaintiff stated a claim against the Defendant for failing to furnish Truth-In-Lending disclosures upon the refinancing of a pawn transaction sufficient to withstand a Fed.R.Civ.P. 12(b)(6) motion.

Whether the Plaintiff stated a claim against the Defendant to determine the validity of the Defendant's lien on the Plaintiff's automobile sufficient to withstand a Fed.R.Civ.P. 12(b)(6) motion.

**STANDARD OF REVIEW**

The order of the Bankruptcy Court which dismissed the Plaintiff's Adversary Proceeding made no finding of fact whatsoever. The legal conclusions of the Bankruptcy Court are to be reviewed de novo. In re Bush, 62 F.3d 1322 (11th Cir. 1995); Smith v Ford Motor Credit Company, 301 B.R. 585, 587 (N.D. Ala. 2003); In Re James Cable Partners, L.P., 27 F.3d 524,536 (11th Cir. 1994)

The standard for determining a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) is that a court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. See Hishon v King & Spalding, 467 U.S. 69, 73, 81 L.Ed.2d 59, 104 S.Ct. 2229 (1984); see also Wright v Newsome, 795 F.2d 964, 967 (11th Cir. 1986)  The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. Ancata v. Prison Health Services, Inc. 769 F.2d 700, 703 (11th Cir. 1985)

## STATEMENT OF THE CASE

The Debtor, Bernice Gunn, filed a Chapter 13 Bankruptcy petition on August 18, 2006, Case No. 06-80646. On October 4, 2006 the Debtor filed an Adversary Complaint against Title Max of Alabama, Inc. D/b/a Title Max of Alexander City [hereinafter "Titlemax"] based upon a claim filed by Titlemax in the Bankruptcy case. The complaint alleged the Titlemax had violated the disclosure requirements of the Federal Truth-In-Lending Act (hereinafter TILA) by entering into a series of loan agreements subsequent to an initial pawn transaction wherein Titlemax had failed to furnish the Plaintiff the requisite TILA disclosures. Attached to the Adversary Complaint and incorporated by reference therein were copies of the initial pawn transaction (Exhibit B) and a representative copy of one of the subsequent loan agreements (Exhibit C). The Adversary Complaint also challenged the validity of Titlemax's alleged lien on the Plaintiff's automobile. The Complaint sought damages for the TILA violations and also sought to declare the Defendant's Bankruptcy claim unsecured.

On November 17, 2006 Titlemax filed a Motion to Dismiss the Plaintiff's adversary complaint, alleging that the complaint failed to state a claim upon which relief could be granted. The Plaintiff responded to the Defendant's Motion to Dismiss on December 7, 2006 and also file a supplemental response on January 26, 2007.

On February 15, 2007 the Bankruptcy Court entered an Order dismissing the Plaintiff's Adversary Complaint with prejudice. This Order failed to include any finding of fact or citation of authority whatsoever.

On February 23, 2007 the Plaintiff timely filed a Notice of Appeal of the Order dismissing the Plaintiff's Adversary Complaint.

## STATEMENT OF THE FACTS

The facts recited herein are taken from the Complaint. This case was determined by the Bankruptcy Court based upon a Fed.R.Civ.P. 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted. For the purposes of a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the allegations of the Complaint must be taken as true. Hishon v King & Spalding, 467 U.S. 69, 73, 81 L.Ed.2d 59, 104 S.Ct. 2229 (1984)

On October 22, 2005 the Plaintiff entered into a consumer credit transaction with the Defendant wherein she pledged the title to her automobile. (Complaint, par. 7)  Exhibit B to the Complaint is a Pawn Ticket which evidences that transaction. Under the terms of that transaction the Plaintiff borrowed the sum of $500.00 for 30 days and was charged a finance charge of $79.95. That initial pawn transaction includes disclosures required by the Federal Truth-In-Lending Act (hereinafter TILA). That initial pawn transaction bears a "Title Pledge Record Number" of 1364693 in the upper left corner of the instrument. Beneath the Debtor's signature in that initial pawn transaction is the "Account Number" for the transaction, which is also 1364693. (Exhibit B to Complaint)

On July 21, 2006 the Plaintiff entered into a loan transaction wherein she became indebted to the Defendant in the principal sum of $399.82 together with an interest charge of $63.93, which would become due on August 21, 2006. (Complaint, par. 9; Exhibit C to Complaint) The loan transaction evidenced by Exhibit C bears account number 2130946 and purports to reference an "Original Account Number" of 2037114.  The loan transaction evidenced by Exhibit C contains no TILA disclosures whatsoever.

The Plaintiff claims that the loan evidenced by Exhibit C violates TILA by (a) failing to disclose the Finance Charge; (b) failing to disclose the Annual Percentage Rate; ( c) failing to provide the disclosures to the Plaintiff prior to the consummation of the transaction; (d)  failing to disclose that the Defendant retained a security interest in the Plaintiff's Certificate of Title; and (e) failing to make required disclosures conspicuously in writing, grouped together and

4

segregated from everything else. (Complaint, par 10)

The Plaintiff also claims that the Defendant's claim in the underlying Bankruptcy action is unsecured because it is based upon the loan transaction evidenced by Exhibit C, and does not include a security agreement. (Complaint, par. 14)

**ARGUMENT**

**COUNT I**

A court may not dismiss a complaint for failure to state a claim unless it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. See Hishon v King & Spalding, 467 U.S. 69, 73, 81 L.Ed.2d 59, 104 S.Ct. 2229 (1984); see also Wright v Newsome, 795 F.2d 964, 967 (11th Cir. 1986)   For a complaint to survive a motion to dismiss for failure to state a claim the threshold is "exceedingly low". Ancata v. Prison Health Services, Inc. 769 F.2d 700, 703 (11th Cir. 1985)

In Count I of her adversary complaint, the Plaintiff asserts claims against the Defendant for violation of the Truth In Lending Act (TILA) by refinancing the Plaintiff's pawn transaction without furnishing the required TILA disclosures.  As will be shown below, this is a claim which has heretofore been successfully made by other plaintiffs in both factually indistinguishable and factually analogous cases in this jurisdiction and which is consistent with Federal Reserve Board Regulation Z (12 C.F.R. §226.1 et seq).

Pawnshop transactions in Alabama are in fact credit transactions which are subject to TILA. Wiley v. Earl's Pawn & Jewelry, Inc., 950 F.Supp. 1108 (1997) ; Hyde v. Hutto Enterprises, Inc., No. 94-D-13-N, 1994 U.S.Dist. LEXIS 16655(M.D.Ala. Sept. 29, 1994); Barlow v. Evans, 992 F.Supp 1299 (M.D.Ala, 1997)

Pursuant to Congressional authority, the Federal Reserve Board promulgated Regulation Z (12 C.F.R. §226.1 et seq)  to implement the purpose of the Federal Truth In Lending Act. Wiley v. Earl's Pawn & Jewelry, Inc., supra at 1112. ; Hyde v Hutto Enterprises Inc., supra at *6; Barlow v. Evans, supra at 1304   The provisions of 12 C.F.R. §226.20(a) specifically require new disclosures to a consumer in conjunction with any refinancing of the debt, through the following

pertinent provisions:

> (a) Refinancings. A refinancing occurs when an existing obligation that was subject to this subpart is satisfied and replaced by a new obligation undertaken by the same consumer. A refinancing is a new transaction requiring new disclosures to the consumer. 12 C.F.R. §226.20(a).

In <u>Dennis v. Handley</u>, 453 F.Supp. 833, (N.D.Ala. 1978), the United States District Court for the Northern District of Alabama rendered summary judgment in favor of the ***Plaintiff*** on the Plaintiff's Truth-In-Lending claim against a pawnbroker alleging failure to furnish TILA disclosures in conjunction with subsequent "renewals" of the pawn transaction. The facts of <u>Dennis v. Handley</u>, supra are factually indistinguishable from the facts of the case at bar.

In <u>Dennis v. Handley</u>, the Plaintiff pawned a diamond ring and received a pawn ticket. <u>Dennis v. Handley</u>, supra at 834. On several occasions subsequent to that initial pawn transaction, the <u>Dennis</u> plaintiff renewed her pawn transaction. On each renewal the <u>Dennis</u> Plaintiff received a receipt which contained no TILA disclosures. <u>Dennis v. Handley</u>, supra at 835

In determining that the Plaintiff was entitled to judgment as a matter of law, the Court in <u>Dennis v. Handley</u> expressly determined that each subsequent "renewal" of the original pawn ticket was in fact a separate loan transaction and was in fact subject to the disclosure requirements of TILA. <u>Dennis v Handley</u>, supra at 835

Subsequently, in <u>In Re Sciafe</u>, 825 F.2d 357 (11th Cir. 1987) the 11th Circuit Court of Appeals construed subsequent "renewals" of a pawn transaction against the requirements of TILA and likewise determined that each renewal of the pawn transaction was in fact a separate loan transaction requiring separate TILA disclosures. <u>In Re Sciafe</u>, supra at 361

Exhibit C to Plaintiff's Adversary Complaint is a representative copy of the information furnished to the Plaintiff in conjunction with the refinance of the debt evidenced by Exhibit B.

Pursuant to the requirements of 12 C.F.R. §226.18,:

> "[P]awnbrokers are to accurately disclose the following features, *inter alia*: the amount financed, the finance charge, the annual percentage rate of the loan, the total of payments and a payment schedule. 12 C.F.R. §226.18 (1997). Moreover, the terms *amount financed*, *finance charge*, *annual percentage rate*, and *total of payments* must appear on the face of the pawn ticket. 12 C.F.R. §226.18(b), (d), (e) (1997). Disclosures must be clear and conspicuous, and "the terms *finance charge* and *annual percentage rate*...shall be more conspicuous than any other disclosure, except the creditor's identity." 12 C.F.R. §226.17(1), (2)(1997)." Barlow v Evans, supra at 1306

Examination of Exhibit C in light of the foregoing authority reveals that Exhibit C does not furnish the Plaintiff with the disclosures required by 12 C.F.R. §226.17. Specifically, the terms *finance charge*, *annual percentage rate* and *total of payments* do not appear anywhere on the document. The failure to disclose this information and to disclose it in the manner provided by Regulation Z is sufficient to impose liability under TILA. Hyde v Hutto Enterprises, supra at *7; Barlow v Evans, supra at 1307.

In 1981 Regulation Z was amended to carve out a very narrow exception to the refinancing requirements of 12 C.F.R. § 226.20(a) for the renewal of single payment obligations **_with no change in the original terms_** . Under the revised version of this code-section, the renewal of a single payment obligation **_with no change in the original terms_** would not be treated as a refinancing of the debt. 12 C.F.R. §226.20(a); In Re Sciafe, supra at 359. Thus under revised Regulation Z, the renewal of a pawn transaction which contains a different payment due date, but which is identical to the original pawn transaction in all other respects is not a refinancing of the debt.

A comparison of Exhibit C with the original pawn transaction of Exhibit B in light of the provisions of Revised Regulation Z reveals that Exhibit C is clearly **not** on the same terms as Exhibit B. In fact every single material term of Exhibit C differs from any corresponding term of Exhibit B.

In her original pawn transaction, the Plaintiff borrowed the principal sum of $500.00. In the refinanced transaction, she borrowed the principal sum of $399.82. In her original pawn transaction, the Plaintiff incurred an interest charge of $79.95. In her refinanced transaction she incurred an interest charge of $63.93. Clearly Exhibit B contains no material terms whatsoever which are common to Exhibit C. Absent some common term, no reasonable argument could be made that Exhibit C is somehow *a "renewal of a single payment obligation with no change in the original terms"*.

Moreover, Exhibit C contains no indication whatsoever that the debt referenced therein is somehow related to the original pawn transaction of Exhibit B. The initial pawn ticket evidenced by Exhibit B bears the "Account Number" of #1364693 [found beneath the Plaintiff's signature]. By contrast, the refinanced debt evidenced by Exhibit C bears the account number #2130946 . Furthermore, Exhibit C specifically identifies an account number as the "**ORIGINAL ACCOUNT NUMBER**" for that debt, however that number is not the account number of the initial pawn transaction. According to the "Customer Receipt", the "**ORIGINAL ACCOUNT NUMBER**" for that debt is identified as account number #2037114. Thus the Defendant's own documents establish without contradiction that the debt evidenced by Exhibit C is both separate and distinct from the initial pawn transaction and also *<u>originates</u>* in an account *<u>other than</u>* the account for the initial pawn transaction.

Clearly the debt evidenced by Exhibit C cannot come within that narrow "saving" provision of Revised Regulation Z for single payment renewals "**with no change in the original terms**" because every material term of the original debt has in fact changed. The only terms which these two documents share are the names of the parties. If the Defendant had merely "renewed" the maturity date of the loan then that "renewed" debt would be in the principal amount of $500; would contain an interest charge of $79.95; would not exist as a separate account and would not purport to "originate" in yet another account. The plain truth is that the debt evidenced by the initial pawn transaction matured by its terms on November 21, 2005, whereupon the Defendant refinanced some fractional portion of that debt, to the point where the

9

current debt (Exhibit C) can not be identified in any respect with that initial pawn transaction and purports to *originate* in an account which is separate and distinct from that of the initial pawn transaction. Exhibit C is simply a 30-day demand note with no associated Truth-In-Lending disclosures.

Pursuant to the authorities cited heretofore, the Plaintiff was entitled to TILA disclosures of the material terms of the refinanced obligation. Hyde v Hutto Enterprises, supra at *7; Barlow v Evans, supra at 1307 The failure of the Defendant to furnish the Plaintiff with TILA disclosures in conjunction with the refinancing of her pawn transaction clearly states a claim upon which relief can be, and upon which relief has in fact heretofore been granted. Therefore the Defendant's Motion to Dismiss the allegations of Count I of the Plaintiff's Adversary Complaint were due to be denied by the Bankruptcy Court. Wiley v. Earl's Pawn & Jewelry, Inc., supra; Dennis v Handley, supra; In re Sciafe, supra Accordingly, the Bankruptcy Court erred in dismissing Count I of the Plaintiff's Complaint upon a Fed.R.Civ.P. 12(b)(6) motion. Wright v Newsome, supra; Ancata v. Prison Health Services, Inc, supra

## COUNT II

In Count II the Plaintiff claims that the Defendant's lien on her 1995 Mitsubishi Gallant has been extinguished by the refinancing of the pawn transaction wherein the automobile was pledged as security. (Complaint, par. 14) The extent of the Pawnbroker's lien on pledged goods is regulated by the following statutory language:

> "(a) A pawnbroker shall have a lien on the pledged goods pawned for the money advanced and the pawnshop charge owed, **but not for other debts due to the pawnbroker**... The pawnbroker shall retain possession of the pledged goods except as otherwise herein provided until the lien is satisfied" Ala.Code (1975) §5-19A-10(a) [emphasis supplied]

As shown by the authorities cited above, the debt evidenced by the original pawn ticket (Exhibit B) has been refinanced by the payment of both principal and interest, and is now a debt evidenced by Exhibit C, which contains no description of any pledged goods as required by

10

Ala.Code (1975) §5-19A-3(1).  Pursuant to the authorities set out above, the obligations of the Plaintiff under the original pawn ticket have been satisfied and replaced by a new obligation.  Dennis v. Handley, supra ; In re Sciafe, supra.  Pursuant to the clear language of Ala.Code (1975) §5-19A-10(a), the Defendant's lien with respect to the original pawn transaction does not extend to this new debt owed by the Plaintiff to the Defendant.  Accordingly the Defendant's claim in the underlying Bankruptcy case should have been determined to be unsecured.

      The Plaintiff has clearly stated a claim against the Defendant in Count II which challenges the Defendant's security interest and which is grounded in the language of the Alabama Pawnshop Act.  The Plaintiff's objections to the validity of a lien are to be determined in an adversary proceeding.  See In Re Headrick, 343 B.R. 762 (Bankr. E.D. Va. 2006); See also In Re Wyatt, 338 B.R. 76 (Bankr. W.D. Mo. 2006)   Accordingly, the Bankruptcy Court erred in dismissing Count II of the Plaintiff's Complaint upon a Fed.R.Civ.P. 12(b)(6) motion.  Wright v Newsome, supra; Ancata v. Prison Health Services, Inc, supra

## CONCLUSION

Nothing in the provisions of the Federal Truth-In-Lending Act or in Revised Regulation Z permits the Defendant to reduce the principal amount of the debt in conjunction with the "renewal" of the pawn transaction without furnishing the Plaintiff new TILA disclosures. The decisions in Dennis v. Handley, supra, and In Re Sciafe, supra are only abrogated by Revised Regulation Z for a narrow class of single-payment loans which do not change the material terms of the original debt. Once the Defendant begins to apply the Plaintiff's payments to the principal amount of the debt, the subsequent debts are refinancings of the original pawn transaction. Pursuant to Dennis v. Handley, supra; In re Sciafe, supra and Revised Regulation Z, these refinancings are subject to the disclosure requirements of TILA.

As was demonstrated above, the Plaintiff has stated a TILA claim in her complaint that has heretofore been recognized by the courts of this jurisdiction under factually indistinguishable circumstances. e.g. Dennis v. Handley, supra  Therefore the Defendant's Motion to Dismiss the allegations of Count I of the Plaintiff's Adversary Complaint were due to be denied by the Bankruptcy Court. Wiley v. Earl's Pawn & Jewelry, Inc., supra; Dennis v Handley, supra; In re Sciafe, supra   Accordingly, the Bankruptcy Court erred in dismissing Count I of the Plaintiff's Complaint upon a Fed.R.Civ.P. 12(b)(6) motion. Wright v Newsome, supra; Ancata v. Prison Health Services, Inc, supra

As was alleged in Count II, the refinancings in this case do not meet the requirements of the Alabama Pawnshop Act for the taking of security in the Plaintiff's automobile. Absent some valid statutory lien on the Plaintiff's automobile, the Plaintiff was entitled to challenge the validity of the Defendant's security interest through an adversary proceeding. See In Re Headrick, supra; See also In Re Wyatt, supra   Therefore the Bankruptcy Court erred in dismissing Count II of the Plaintiff's Complaint upon a Fed.R.Civ.P. 12(b)(6) motion. Wright v Newsome, supra; Ancata v. Prison Health Services, Inc, supra.

Pursuant to the foregoing authorities, the Plaintiff prays that this Honorable Court will reverse the Order of the Bankruptcy Court which dismissed the Plaintiff's Adversary Complaint, and will remand this case to that Court for further proceedings. Alternatively the Plaintiff prays for such other, further or different relief to which the Plaintiff is entitled.

Respectfully Submitted:

/s/ Harvey B. Campbell, Jr.
Harvey B. Campbell, Jr.
Attorney for Debtor/Plaintiff
CAMPBELL & CAMPBELL, P.C.
P.O. Drawer 756
Talladega, Al. 35161
(256) 761-1858

/s/ Huel M. Love Jr.
Attorney for Debtor/Plaintiff
P.O. Box 1079
Talladega, Al. 35161
(256) 362-3073