UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| BERNICE GUNN )<br><br>    Debtor, )<br>)<br>BERNICE GUNN, )<br>)<br>    Appellant, )<br>)<br>v. )<br>)<br>TITLEMAX OF ALABAMA, INC., )<br>d/b/a/ TITLEMAX OF ALEXANDER )<br>CITY #1, )<br>)<br>    Appellee. )<br>) | CIVIL ACTION<br>FILE NO.: 3:07-cv-00233-WKW<br><br><br>On Appeal from the<br>Bankruptcy Court<br><br><br>Bankruptcy Case No. 06-80646<br><br><br>Adv. Pro. No. 06-08049 |

**MOTION FOR LEAVE TO FILE SURREPLY BRIEF**

    **COMES NOW** Defendant, TitleMax of Alabama, Inc., d/b/a TitleMax of Alexander City #1 ("TitleMax" or "Appellee"), by and through its undersigned counsel, and hereby respectfully requests that this Court grant TitleMax leave to file a SurReply Brief responding to Appellant Bernice Gunn's (the "Appellant") Reply Brief. As grounds therefore, TitleMax asserts the following:

    1.    On March 29, 2006, Appellant filed her Appellant Brief. (Doc. 4).

    2.    TitleMax filed its Appellee Brief on April 16, 2007. (Doc. 8).

    3.    On April 26, 2007, Appellant filed her Reply Brief. (Doc. 9).

    4.    In an attempt to clarify for the Court the issues presented for review, TitleMax hereby requests leave to file a SurReply Brief responding to Appellant's Reply Brief. A true and correct copy of TitleMax's proposed SurReply Brief is attached hereto as Exhibit "A".

236635

**WHEREFORE,** for the reasons stated herein, TitleMax hereby requests leave to file a SurReply Brief .

Respectfully submitted, this 8th day of May, 2007.

BURR & FORMAN LLP


/s/ Jennifer A. Harris
Jennifer A. Harris
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
(205) 251-3000 [dial]
(205) 458-5100 [telecopier]
jharris@burr.com

-and-

John O'Shea Sullivan
Erich N. Durlacher
BURR & FORMAN LLP
Suite 1100, 171 Seventeenth Street, N.W.
Atlanta, Georgia 30363
(404) 815-3000 [dial]
(404) 817-3244[telecopier]
edurlach@burr.com
shea.sullivan@burr.com

Attorneys for Appellee TitleMax of Alabama, Inc.

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 8th day of May, 2007:

Harvey B. Campbell, Jr.
CAMPBELL & CAMPBELL, P.C.
P.O. Drawer 756
Talladega, AL 35161

Huel M. Love, Jr.
P.O. Box 1079
Talladega, AL 35161

                                            /s/ Jennifer A. Harris
                                            Jennifer A. Harris

BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
(205) 251-3000 [dial]
(205) 458-5100 [telecopier]
jharris@burr.com

236635

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| BERNICE GUNN )<br>)<br>Debtor, )<br>)<br>BERNICE GUNN, )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>TITLEMAX OF ALABAMA, INC., )<br>d/b/a/ TITLEMAX OF ALEXANDER )<br>CITY #1, )<br>)<br>Appellee. )<br>) | CIVIL ACTION<br>FILE NO.: 3:07-cv-00233-WKW<br><br>On Appeal from the<br>Bankruptcy Court<br><br>Bankruptcy Case No. 06-80646<br><br>Adv. Pro. No. 06-08049 |

### SURREPLY BRIEF OF TITLEMAX/APPELLEE

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| Jennifer A. Harris<br>BURR & FORMAN LLP<br>3100 Wachovia Tower<br>420 North 20th Street<br>Birmingham, Alabama 35203<br>(205) 251-3000 [dial]<br>(205) 458-5100 [telecopier] | John O'Shea Sullivan<br>Erich N. Durlacher<br>BURR & FORMAN LLP<br>Suite 1100, 171 Seventeenth Street, N.W.<br>Atlanta, Georgia 30363<br>(404) 815-3000 [dial]<br>(404) 817-3244 [telecopier] |

Attorneys for Appellee TitleMax of Alabama, Inc.

236986

## TABLE OF CONTENTS

                                                                                        **Page**

ARGUMENT ................................................................................................................... 1

CERTIFICATE OF SERVICE......................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

Barlow v. Evans, 922 F. Supp. 1299 (M.D. Ala. 1997)............................................................3

Dennis v. Handley, 453 F. Supp. 833 (N.D. Ala. 1978).....................................................3, 4, 5

Ford Motor Credit Co. v. Milhollin, 444 U.S. 555 (1980)........................................................6

Henson v. Columbus Bank & Trust Co., 651 F.2d 320 (5th Cir. 1981).........................................5

Scaife v. Anderson, 825 F.2d 357 (11th Cir. 1987)..............................................................3, 5

Wiley v. Earl's Pawn & Jewelry Inc., 950 F. Supp. 1108 (S.D. Ala. 1997)..................................3

**Statutes**

12 C.F.R. § 226.17(e)...............................................................................................................3

12 C.F.R. § 226.20(a)................................................................................................... 2, 3, 4, 6

15 U.S.C. § 1634......................................................................................................................3

Ala. Code § 5-19A-6................................................................................................................2

**ARGUMENT**

The legal issue on appeal is simple: Whether TitleMax was required to give new TILA disclosures every time Plaintiff elected to renew her Pawn Ticket and extend the maturity date. In its Appellee's Brief (the "TitleMax Brief"), TitleMax demonstrated that what Plaintiff calls "Subsequent Loan Agreements" were actually Customer Receipts evidencing Plaintiff's elections to renew the pawn and defer the maturity date as provided in the Pawn Ticket. Under TILA, it is clear that there is no requirement on TitleMax to give new disclosures unless the renewals/deferrals were "refinancings" as defined under TILA. Plaintiff has filed a Reply Brief ("Plaintiff's Reply") that confuses and mischaracterizes TitleMax's arguments and changes much of Plaintiff's legal argument from the original Motion to Dismiss and her original Brief. While Plaintiff twists and mischaracterizes TitleMax's arguments, Plaintiff's biggest error is her failure or refusal to address the language of the Pawn Ticket, the Alabama Pawnshop Act and TILA. For reasons that should be obvious to the Court, Plaintiff simply will not address or explain the language in the Pawn Ticket that expressly provides extensions of the original pawn upon payment of a charge. This SurReply responds to the mischaracterizations in Plaintiff's Reply although this SurReply is not intended to rebut every outlandish remark in Plaintiff's Reply.

Plaintiff's first mischaracterization concerns the issue whether Plaintiff is personally liable for the pawned amount. Plaintiff states that "TitleMax has devoted a significant portion of it's [sic] brief in an effort to convince this Court that the transactions between TitleMax and the Plaintiff did not create any 'debt.'" (Plaintiff's Reply, pp. 1-2). Additionally, Plaintiff asks, "[i]f, as TitleMax claims, the Plaintiff incurred no 'debt' owed to TitleMax as a result of these transactions, why then has TitleMax filed a claim in the Plaintiff's Bankruptcy case[?]" (Plaintiff's Reply, p. 2). This issue is legal and is not a subject of any debate. The Alabama Pawnshop Act prohibits pawnbrokers from engaging in a pawn transaction whereby the

236986

1

pledgor/customer is personally liable. Alabama law is clear that the pledgor/customer is not obligated to redeem the pledged goods but stands to lose the goods if the pawn is not paid in accordance with its terms. See Ala. Code § 5-19A-6.

      The Pawn Ticket repeatedly states that Plaintiff is not personally obligated to pay the pawn. E.g., "If you choose to redeem or repurchase the pledged goods . . ." (p.1); "Because you have no obligations to redeem the pledged goods or pay us any amount hereunder . . ." (p.2); "You shall have no obligation to redeem pledged goods or make any payment on this pawn transaction. . ." (p.2); "You shall have no obligation to redeem pledged goods or make any payment on this pawn transaction even if it has been deferred. . ." (p.2). TitleMax points this out to the Court as part of the explanation of what a pawn transaction is and how it works under the law. It is relevant to the discussion of how the maturity date is deferred under the Pawn Ticket because the customer stands to lose his or her car if he or she does not pay off the pawn by the maturity date. TitleMax has not misrepresented anything in its claim in the Bankruptcy Court. TitleMax files claims in the Bankruptcy Court to notify the Court of the amount necessary to release TitleMax's lien on the debtor's car. If TitleMax did not notify the Court of this, the debtors would stand to lose their cars post-bankruptcy for failure to satisfy the lien. It is ironic that TitleMax would receive criticism for this.

      TitleMax is unsure of why Plaintiff devotes so much time trying to disprove what the Alabama Pawnshop Act and the Pawn Ticket clearly provide -- Plaintiff is not personally liable for the pawn. Plaintiff states that "it is essential that TitleMax's [sic] convince this Court that there is no 'debt' in this transaction . . . because such a determination is necessary in order for it to advance the unsubstantiated proposition that, since there was never any debt to 'refinance', there can be no 'refinancing' of the pawn transaction under 12 C.F.R. § 226.20(a)." (Plaintiff's

Reply, p. 4). To the contrary, TitleMax's argument is that the deferrals of the maturity date, which were done at Plaintiff's election and in accordance with the Pawn Ticket, could not be "refinancings" under TILA because there was no satisfaction of the original pawn which was replaced by a new obligation, among other reasons. Plaintiff's extensions of the maturity date <u>prevented</u> the original pawn from being satisfied and replaced. TitleMax merely points out that there is no "obligation" to pay as that term is ordinarily used in the context of a loan, but TitleMax does not rest its entire hopes on this undisputable fact. TitleMax merely points it out as further evidence that a pawn transaction is a unique creature of statute that does not fit well within the traditional rules applicable to other consumer financing transactions.

      Plaintiff also goes on a tangent to prove the undisputed point that TILA applies to pawn transactions. (<u>See</u> Plaintiff's Reply, pp. 3-4). Plaintiff cites to and quotes from <u>Barlow v. Evans</u>, 922 F. Supp. 1299 (M.D. Ala. 1997) and <u>Wiley v. Earl's Pawn & Jewelry Inc.</u>, 950 F. Supp. 1108 (S.D. Ala. 1997) for the unremarkable proposition that TILA applies to pawn transactions. TitleMax has never taken the position that TILA does not apply here. In fact, most of TitleMax's Briefs analyze and walk the Court through the analysis of these legal issues under TILA. <u>Barlow</u> and <u>Wiley</u> therefore could not possibly have "rejected" or "contradicted" TitleMax's position.

      Plaintiff's largest confusion lies in her discussion of the "single payment obligation" exception to the refinancings exception and the holdings and applicability of <u>Dennis v. Handley,</u> 453 F. Supp. 833 (N.D. Ala. 1978) and <u>Sciafe v. Anderson,</u> 825 F.2d 357, 361 (11th Cir. 1987). First, the subsequent occurrences rule states that subsequent events do not trigger a duty to update or renew TILA disclosures that have become inaccurate. <u>See</u> 15 U.S.C. § 1634; 12 C.F.R. § 226.17(e); TitleMax's Brief, p. 10. There are several exceptions to the subsequent occurrences rule, one of which is refinancings. 12 C.F.R. § 226.20(a); TitleMax's Brief, pp. 11-

18, n. 4.  If this Court agrees with Plaintiff that TitleMax was required to give new TILA disclosures at each pawn extension, the Court will have to find the extensions to be "refinancings."  The refinancings exception itself has an exception that lenders can invoke to forgo updating or giving new TILA disclosures when there is a renewal of a single payment obligation with no change in the original terms.  12 C.F.R. § 226.20(a).  However, despite Plaintiff's considerable energy devoted to convincing the Court that it does not apply, TitleMax is not arguing that the single payment obligation exception applies here, nor did TitleMax argue this in the Bankruptcy Court.  TitleMax specifically stated in footnote 4 on page 11 of its Brief as follows:

> [w]hile this exception may be further authority for TitleMax to omit TILA disclosures upon renewals of the Pawn Ticket, TitleMax argues that the renewals were not refinancings at all and has not invoked this exception to the refinancings exception in this case, making Plaintiff's discussion of it irrelevant to this case. Instead, TitleMax argues that the refinancings exception does not apply in the first place.

TitleMax's Brief, p. 11, n. 4.  Therefore, the Court may disregard all of Plaintiff's confusing and irrelevant discussion of the single payment obligation exception to the refinancings exception to the subsequent occurrences rule.

Second, as to Dennis v. Handley, it is no longer good law having been abrogated 25 years ago by a major change in Regulation Z that adopted the refinancings definition for the first time. (TitleMax's Brief, pp. 12-16).  Plaintiff fails to rebut or explain this point, and instead attempts to tie Dennis to her impertinent discussion of the single payment obligation exception.  (Plaintiff's Reply, p. 7).  Trying to revive a dead case by arguing that it ruled on a point that is not in issue in this case is ineffective and only serves to confuse the issues.  Plaintiff also fails to rebut the point that the Eleventh Circuit in Scaife criticized the court's reasoning in Dennis because the pawn ticket in Dennis contained language, like Plaintiff's Pawn Ticket in this case, that contemplated

extensions of the pawn which contradicts the notion that extensions would be separate transactions.  See Scaife v. Anderson, 825 F.2d 357, 361 (11th Cir. 1987).

Evidently having not read the opinion, Plaintiff tells this Court that TitleMax's position is in "in direct contradiction of the court's determination in Scaife." (Plaintiff's Reply, p. 6).  To the contrary, Scaife did not even involve a pawn transaction, much less under Alabama law.  Scaife involved a usurious Georgia consumer loan that the parties repeatedly attempted to renew although the loan contract did not provide for renewals.  The Court in Scaife criticized Dennis, the very case that Plaintiff primarily relies on, because the Dennis court found extensions of a pawn to be separate transactions although the pawn ticket in that case expressly provided for renewals.  The Court even relied on a former Fifth Circuit case, Henson v. Columbus Bank & Trust Co., 651 F.2d 320 (5th Cir. 1981), which found that the payment of interest under a pawn contract to extend the pawn actually prevented termination of the original pawn transaction, and meant that it was one transaction (not several different transactions), thereby distinguishing Dennis.  Scaife at 360-61.  The Court also found that each of the renewals in Scaife were separate transactions because the loan contract did not "expressly provide for renewal in the original document." Scaife at 361.  Therefore, the Court in Scaife clearly approved of the notion that in a pawn transaction involving a pawn ticket that expressly provides for renewals and extensions of the maturity date, the renewals are not separate transactions because they are extensions of the original transaction.

Finally, Plaintiff incorrectly asserts that "whether this transaction was 'refinanced' is not a question of law, but rather one of fact." Plaintiff's Reply, pp. 9-10.  To the contrary, this is a pure question of law to be determined by reference to the parties' Pawn Ticket because TILA provides a concrete definition for refinancings which clearly makes the extensions of the Pawn

Ticket outside the requirements for new disclosures. The FRB's Official Staff Commentary on the 1981 amendments to the refinancings sections is determinative.[1] The Official Commentary states as follows with respect to refinancings:

> 1. Definition. A refinancing is a new transaction requiring a complete new set of disclosures. <u>Whether a refinancing has occurred is determined by reference to whether the original obligation has been satisfied or extinguished and replaced by a new obligation, based on the parties' contract and applicable law.</u> The refinancing may involve the consolidation of several existing obligations, disbursement of new money to the consumer or on the consumer's behalf, or the rescheduling of payments under an existing obligation. <u>In any form, the new obligation must completely replace the prior one.</u>
>
> . **Changes in the terms of an existing obligation, such as the deferral of individual installments, will not constitute a refinancing unless accomplished by the cancellation of that obligation and the substitution of a new obligation.**
>
> . . .
>
> 2. Exceptions. <u>A transaction is subject to § 226.20(a) only if it meets the general definition of a refinancing.</u> . . .

Official Staff Commentary, § 226.20 (emphasis added). As the Court found in <u>Scaife</u>, when the parties expressly provide for an extension of the pawn, the extensions actually <u>prevent</u> separate transactions and instead, facilitate the continuation of one pawn. Therefore, no new TILA disclosures were required and Plaintiff's Complaint was properly dismissed.

---

[1] The FRB Commentary must be followed. Even if the FRB was not relying on plain and unambiguous language in the regulation, its interpretation of the regulation would still have to be given great deference and followed unless it were "demonstrably irrational." <u>Ford Motor Credit Co. v. Milhollin</u>, 444 U.S. 555, 557, 559-60, 565 (1980). The FRB's interpretation is perfectly rational and has been followed by the Courts.

Respectfully submitted, this 8th day of May, 2007.

       BURR & FORMAN LLP


       /s/ Jennifer A. Harris
       Jennifer A. Harris
       3100 Wachovia Tower
       420 North 20th Street
       Birmingham, Alabama 35203
       (205) 251-3000 [dial]
       (205) 458-5100 [telecopier]
       jharris@burr.com

        -and-

       John O'Shea Sullivan
       Erich N. Durlacher
       BURR & FORMAN LLP
       Suite 1100, 171 Seventeenth Street, N.W.
       Atlanta, Georgia 30363
       (404) 815-3000 [dial]
       (404) 817-3244 [telecopier]
       edurlach@burr.com
       shea.sullivan@burr.com

       Attorneys for Appellee TitleMax of Alabama, Inc.

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 8th day of May, 2007:

Harvey B. Campbell, Jr.
CAMPBELL & CAMPBELL, P.C.
P.O. Drawer 756
Talladega, AL 35161

Huel M. Love, Jr.
P.O. Box 1079
Talladega, AL 35161

                                              /s/ Jennifer A. Harris
                                              Jennifer A. Harris

BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
(205) 251-3000 [dial]
(205) 458-5100 [telecopier]
jharris@burr.com

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **BERNICE GUNN**<br><br>Debtor,<br><br>**BERNICE GUNN,**<br><br>Appellant,<br><br>v.<br><br>**TITLEMAX OF ALABAMA, INC.,**<br>**d/b/a/ TITLEMAX OF ALEXANDER**<br>**CITY #1,**<br><br>Appellee. | )  CIVIL ACTION<br>)  FILE NO.: 3:07-cv-00233-WKW<br>)<br>)<br>)<br>)<br>)  On Appeal from the<br>)  Bankruptcy Court<br>)<br>)<br>)<br>)  Bankruptcy Case No. 06-80646<br>)<br>)<br>)  Adv. Pro. No. 06-08049<br>)<br>)<br>) |

**ORDER GRANTING LEAVE TO FILE SURREPLY BRIEF**

This matter has come before the Court on the Motion For Leave To File SurReply Brief filed by Appellee TitleMax of Alabama, Inc., d/b/a TitleMax of Alexander City #1 ("TitleMax").

Based upon the Motion and for good cause shown, the Court hereby **ORDERS, FINDS, ADJUDGES, AND DECREES** as follows:

    A.    The Motion is GRANTED;

    B.    TitleMax may file a SurReply Brief.

    **SO ORDERED** on this ____ day of May, 2007.

                                                    _____
                                                  Judge William Keith Watkins
                                                  United States District Court Judge.

.

PREPARED AND PRESENTED BY:

BURR & FORMAN LLP, counsel to
Defendant TitleMax of Alabama, Inc.

/s/ Jennifer A. Harris
Jennifer A. Harris
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
(205) 251-3000 [dial]
(205) 458-5100 [telecopier]
jharris@burr.com