IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re: | * Case No. 03:07-cv-00233 WKW |
| | * |
| BERNICE GUNN | * |
|    Debtor(s) | * Chapter 13 Case No: <u>06-80646</u> |
| | * |
| | * On appeal from the Bankruptcy Court |
| BERNICE GUNN | * |
|    Plaintiff | * |
| | * |
| vs. | * AP No: <u>06-08049</u> |
| | * |
| TITLEMAX OF ALABAMA, INC. | * |
|    Defendant | * |

MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANT'S SURREPLY BRIEF

Comes now the Plaintiff, Bernice Gunn, by and through undersigned counsel, and hereby respectfully requests that this Court grant her leave to file a Response to the Defendant's Surreply Brief.  As grounds therefore, the Plaintiff asserts the following:

1.  That on May 11, 2007 this Honorable Court entered an order granting the Defendant leave to file a Surreply Brief.

2.  That the Plaintiff's Response to the Defendant's Surreply Brief is an effort to clarify the applicability of the Alabama Pawnshop Act to the Plaintiff's claims under Federal Truth In Lending.  A true and correct copy of the Plaintiff's Response to the Defendant's Surreply Brief is attached hereto as Exhibit "A"

WHEREFORE, for the reasons stated herein, the Plaintiff hereby requests leave to file a Response to the Defendant's Surreply Brief.

/s/ Harvey B. Campbell, Jr.
Harvey B. Campbell, Jr.
Attorney for Debtor/Plaintiff
CAMPBELL & CAMPBELL, P.C.
P.O. Drawer 756
Talladega, Al. 35161
(256) 761-1858

/s/ Huel M. Love Jr.
Attorney for Debtor/Plaintiff
P.O. Box 1079
Talladega, Al. 35161
(256) 362-3073

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 14th day of May, 2007:

Jennifer A. Harris
3100 Wachovia Tower
420 North 20th Street
Birmingham, Al. 35203
jharris@burr.com

John Oshea Sullivan
Burr & Forman LLP
Suite 1100, 171 Seventeenth Street, N.W.
Atlanta, Ga. 30363
shea.sullivan@burr.com

Erich N. Durlacher
Burr & Forman LLP
Suite 1100, 171 Seventeenth Street, N.W.
Atlanta, Ga. 30363
edurlach@burr.com

/s/ Harvey B. Campbell, Jr.
Harvey B. Campbell, Jr.
Attorney for Debtor/Plaintiff
CAMPBELL & CAMPBELL, P.C.
P.O. Drawer 756
Talladega, Al. 35161
(256) 761-1858

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

Case No. 03:07-cv-00233 WKW

| | |
|---|---|
| In re: | * |
| | * |
| BERNICE GUNN | * |
| Debtor(s) | * Chapter 13 Case No: <u>06-80646</u> |
| | * |

| | |
|---|---|
| BERNICE GUNN | * |
| Plaintiff | * |
| | * |
| vs. | * AP No: <u>06-08049</u> |
| | * |
| TITLEMAX OF ALABAMA, INC. | * |
| Defendant | * |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
HONORABLE WILLIAM R. SAWYER PRESIDING

DEBTOR/APPELLANT'S RESPONSE TO APPELLEE'S SURREPLY BRIEF

Harvey B. Campbell, Jr.
Attorney for Debtor/Plaintiff
CAMPBELL & CAMPBELL, P.C.
P.O. Drawer 756
Talladega, Al. 35161
(256) 761-1858

Huel M. Love Jr.
Attorney for Debtor/Plaintiff
P.O. Box 1079
Talladega, Al. 35161
(256) 362-3073

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................... ii

ARGUMENT .............................................................. 1

CONCLUSION ............................................................ 5

CERTIFICATE OF SERVICE ................................................. 6

i

# TABLE OF AUTHORITIES

**CASES:**

Barlow v. Evans, 992 F.Supp 1299 (M.D.Ala, 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Dennis v. Handley, 453 F.Supp. 833, (N.D.Ala. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

In Re Sciafe, 825 F.2d 357 (11th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Wiley v. Earl's Pawn & Jewelry, Inc., 950 F.Supp. 1108 (1997) . . . . . . . . . . . . . . . . . . . . . . . 1

**STATUTES:**

12 C.F.R. §226.20(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

12 C.F.R. §226.20(a)(1) Official Staff Commentary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2


Ala.Code (1975) §5-19A-7(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Ala.Code (1975) §5-19A-10(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

# ARGUMENT

Under the guise of "clarifying" the issues herein, Titlemax has filed a surreply brief which essentially reiterates the arguments which it made in its initial brief, and which asserts that the Plaintiff has failed to address the applicable provisions of Alabama law. (Surreply brief pp. 1) The implication of this argument is that somehow Alabama law controls the issue of whether new TILA disclosures are required when a party refinances a pawn transaction by paying both principal and interest at the maturity date of the pawn.

As with the balance of the Defendant's arguments in brief, the notion that Alabama law can impact the scope of TILA  has heretofore been so flatly rejected that no further response would seem necessary were it not for the fact that the Defendant continues to insist on the proposition.   Though the Defendant vigorously argues otherwise, the reality is that state law has no impact whatsoever on the applicability of Federal Truth In Lending.

Concerning the effect of state laws upon the application of TILA, the Southern District of Alabama held, in *Wiley v Earl's Pawn & Jewelry, Inc.*, 950 F.Supp. 1108,1113, 1997 U.S.Dist. LEXIS 406 (S.D. Ala. 1997) that:

> "...[I]t  is rational to apply TILA uniformly to pawnbrokers in all states.  It would be anomalous if, as defendants suggest, a state could exempt its pawnbrokers from TILA by legislative fiat.  Moreover, "the applicability of TILA...depends on the words of the statute interpreted in light of the purposes of the act, and not on whether a particular transaction is enforceable under state law."  *Dryden v. Lou Budke's Arrow Finance Co.*, 630 F.2d 641, 646 (8th Cir. 1980). See also *Cody*, 606 F.2d at 505 (state law has nothing to do with how transaction is to be characterized for TILA purposes."   *Id* at 1113

Not surprisingly, the Middle District of Alabama reached the same conclusion in *Barlow v Evans*, 992 F.Supp. 1299,1306, 1997 U.S.Dist. LEXIS 21570 (M.D. Ala. 1997) where it followed what it found to be the sound reasoning of the *Wiley* court in its determination that state law has nothing to do with how a transaction is to be characterized for TILA purposes. *Id* at 1306.

1

Clearly then, the "applicable law" to which Official Staff Commentary to 12 *C.F.R.* §226.20(a)(1) refers is not state law, as the Defendant suggests in brief, but rather those cases such as *Dennis v. Handley*, 453 F.Supp. 833, (N.D.Ala. 1978) and *In Re Sciafe*, 825 F.2d 357 (11th Cir. 1987) which construe the parties contract against the requirements of TILA.

From the foregoing authority it follows that the defendant's irrelevant assertion that the facts of *In Re Sciafe* "did not even involve a pawn transaction, much less under Alabama law" or that it "involved a usurious Georgia consumer loan" is a distinction without a difference. (Surreply brief pp. 8) What is relevant in this analysis is that *In re Sciafe* involved the question of "whether each monthly renewal of the original loan constitutes a separate "transaction" within the meaning of 15 U.S.C. §1640(a)(2)." *Id* at 359 The Sciafe court answered that question in the affirmative, *[Id* at 361] just as the *Dennis v. Handley* court had done with respect to the renewal of pawn transactions in Alabama. *Dennis v. Handley*, supra

Even assuming, *ex arguendo*, that Alabama law can somehow be applied to TILA so as to alter the scope of that Federal Act as it applies to Alabama pawn transactions, nevertheless the Defendant has failed to cite any Alabama law which would empower it to engage in a string of consecutive "renewals" of the pawn or to reduce the redemption price of a pawn transaction during the course of these "renewals" . The statute which is cited by the Defendant for this proposition provides that:

> "The pawnshop charge allowed under subsection (a) shall be deemed earned, due, and owing as of the date of the pawn transaction and a like sum shall be deemed earned, due, and owing on the same day of the succeeding month." *Ala.Code* (1975) §5-19A-7(b)

In it's initial brief the Defendant insists that the term "*of the succeeding month*" in the above cited statute authorizes it to assess pawnshop charges on the pawn transaction for month to month ad infinitum. (Brief of Appellant, pp. 8) However it is readily apparent from a plain reading of the statute in question that the statute uses the singular "month" rather than the plural "months" which is used by the Defendant , and thus only applies to one (1) succeeding month -

2

which is the month after the maturity date of the pawn.  This is abundantly clear when the foregoing statute is read in conjunction with *Ala.Code*. (1975) §5-19A-10(b), which provides that:

> "(b) Pledged goods not redeemed on or before the maturity date if fixed and set out in the pawn ticked issued in connection with any transaction shall be held by the pawnbroker for 30 days following that date and may be redeemed or repurchased by the pledgor or seller within the period ***by the payment of the originally agreed redemption price***, and by the payment of an additional pawnshop charge equal to the original pawnshop charge."  *Ala.Code*. (1975) §5-19A-10(b) [emphasis supplied]

Nowhere in the Alabama Pawnshop Act does it provide that the pawnbroker may accept partial payment of the redemption price or that it may "renew" or "extend" a pawn transaction at all.  To the contrary, the only payment of principal envisioned by that statute is payment ***in full*** of the "originally agreed redemption price" and the only "extension" of the maturity date is the one set out above.   Under the terms of that statute, the Defendant must hold the pawned goods for 30 days after the maturity date of the pawn, and may collect an additional (monthly) pawnshop charge if the pledgor redeems during that additional 30 day period of time.   Pursuant to these statutes, all rights and obligations under the pawn transaction, including rights of redemption, are extinguished 60 days from the date of the initial pawn.  The Defendant's extrapolation of this statutory language into a blanket authorization to "renew" some fractional portion of the "originally agreed redemption price" over and over until the end of time is absolutely contradicted by this plain statutory language.

Clearly  there is no statutory authorization in the Alabama Pawnshop Act for the Defendant's actions in engaging in successive "renewals" of some fractional portion of the redemption price which was specified in the initial pawn transaction.   Hence  if Alabama law were in fact to be referenced in order to determine whether this transaction has been "refinanced" under the provisions of 12 *C.F.R.* §226.20(a), then that law would mandate a finding of a "refinancing" of the debt, since all obligations under the original pawn were totally extinguished 60 days after the date of the pawn and since there is no statutory authorization for the extension

3

or renewal of those obligations.

Had there in fact been a provision of the Alabama Pawnshop Act which declared that the Defendant could renew or extend the pawn transaction month-to-month forever, and further could accept any payment on the redemption price as a "renewal" of the pawn, then it would have been a very simple matter to set that statute out at length in its brief. The absence of any such recitation speaks volumes as regards the validity of the Defendant's claims concerning the statutory authorization for its actions.

4

## CONCLUSION

In light of the arguments and authorities set out herein; those provided in the Plaintiff's reply brief; and those provided in the Plaintiff's initial brief herein, it is clear that the Plaintiff has stated a TILA claim against the Defendant which is recognized at law.  It is equally clear that the Plaintiff's objection to the Defendant's security interest and her Motion to Determine the Validity of a Lien are based upon the express language of the Alabama Pawnshop Act and must be determined in an adversary proceeding.  Accordingly the Bankruptcy Court erred in dismissing the Plaintiff's Adversary Complaint for failure to state a claim.

Therefore, pursuant to the foregoing authorities,  the Plaintiff prays that this Honorable Court will reverse the Order of the Bankruptcy Court which dismissed the Plaintiff's Adversary Complaint, and will remand this case to that Court for further proceedings.  Alternatively the Plaintiff prays for such other, further or different relief to which the Plaintiff is entitled.

Respectfully Submitted:

/s/ Harvey B. Campbell, Jr.
Harvey B. Campbell, Jr.
Attorney for Debtor/Plaintiff
CAMPBELL & CAMPBELL, P.C.
P.O. Drawer 756
Talladega, Al. 35161
(256) 761-1858

/s/ Huel M. Love Jr.
Attorney for Debtor/Plaintiff
P.O. Box 1079
Talladega, Al. 35161
(256) 362-3073

5

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 14th day of May, 2007:

Jennifer A. Harris
3100 Wachovia Tower
420 North 20th Street
Birmingham, Al. 35203
jharris@burr.com

John Oshea Sullivan
Burr & Forman LLP
Suite 1100, 171 Seventeenth Street, N.W.
Atlanta, Ga. 30363
shea.sullivan@burr.com

 Erich N. Durlacher
Burr & Forman LLP
Suite 1100, 171 Seventeenth Street, N.W.
Atlanta, Ga. 30363
edurlach@burr.com

/s/ Harvey B. Campbell, Jr.
Harvey B. Campbell, Jr.
Attorney for Debtor/Plaintiff
CAMPBELL & CAMPBELL, P.C.
P.O. Drawer 756
Talladega, Al. 35161
(256) 761-1858

6