IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BERNICE GUNN, | ) | |
|     Plaintiff/Appellant | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 3:07-cv-233-WKW |
| | ) | |
| | ) | |
| TITLEMAX OF ALABAMA, INC., | ) | |
|     Defendants/Appellees | ) | |

| | | |
|---|---|---|
| IN RE: | ) | |
|     BERNICE GUNN, | ) | CHAPTER 13 BANKRUPTCY |
|     Debtor. | ) | CASE NO.: 06-80646 |

| | | |
|---|---|---|
| BERNICE GUNN, | ) | ADVERSARY PROCEEDING |
|     Plaintiff, | ) | AP NO.: 06-08049 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| TITLEMAX OF ALABAMA, INC. | ) | |
|     Defendants. | ) | |

**APPELLANT'S STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL AND APPELLANT'S DESIGNATION OF THE RECORD ON APPEAL**

Comes now the Appellant, Bernice Gunn, pursuant to the provisions of FRAP 6(b)(2)(B)(I) and the following statement of issues to be presented on appeal and Designation of Record on Appeal:

**I. STATEMENT OF ISSUES PRESENTED:**

1. Whether a pawnbroker may engage in a series of pawn transactions with a debtor, which reduce both the principal and the interest of the original transaction, without furnishing the debtor a Truth-In-Lending disclosure for each such subsequent transaction.

2. Whether the Plaintiff/Appellant stated a claim against the Defendant/Appellee sufficient to withstand a Fed.R.Civ.P. 12(b)(6) motion for failing to furnish Truth-In-Lending disclosures upon the refinancing of a pawn transaction.

    3. Whether under Alabama law a pawnbroker has any right to "renew" a pawn transaction.

    4. Whether the Plaintiff/Appellant stated a claim against the Defendant/Appellee to determine the validity of the Defendant's lien on the Plaintiff's automobile sufficient to withstand a Fed.R.Civ.P. 12(b)(6) motion.

    5. Whether the Memorandum Opinion and Order of the District Court is contrary to the Federal Truth-In-Lending Act and Regulation Z.

    6. Whether the Memorandum Opinion and Order of the District Court is contrary to the Alabama Pawnshop Act.

## II. DESIGNATION OF RECORD ON APPEAL

Plaintiff/Appellant redesignates the record on appeal, which was previously designated to the District Court, as follows:

Items to be included in the record:

A. The entire record which was before the District Court and which includes:

    1. The Bankrupcty Court adversary proceeding file, including:

        a. Complaint with attachments and exhibits

        b. Defendant's Motion to Dismiss

        c. Order Dismissing Adversary Proceeding

B. The Memorandum Opinion and Order of the District Court dated 3/31/08

/s/ Harvey B. Campbell. Jr.
Harvey B. Campbell, Jr.
Attorney for Debtor/Plaintiff
CAMPBELL & CAMPBELL, P.C.
P.O. Drawer 756
Talladega, Al. 35161
(256) 761-1858

/s/ Huel M. Love Jr.
Attorney for Debtor/Plaintiff
P.O. Box 1079
Talladega, Al. 35161
(256) 362-3073

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the Plaintiff's foregoing instrument by mailing the same through the United States Postal Service, First Class Mail, Postage Pre-Paid and/or by electronic mail to the parties listed below on this the 2nd day of May, 2008:

Jennifer A. Harris
3100 Wachovia Tower
420 North 20th Street
Birmingham, Al. 35203
jharris@burr.com

John Oshea Sullivan
Burr & Forman LLP
Suite 1100, 171 Seventeenth Street, N.W.
Atlanta, Ga. 30363
shea.sullivan@burr.com

 Erich N. Durlacher
Burr & Forman LLP
Suite 1100, 171 Seventeenth Street, N.W.
Atlanta, Ga. 30363
edurlach@burr.com

Curtis C. Reding, Trustee
P.O. Box 173
Montgomery, Al. 36101

Teresa R. Jacobs
Bankruptcy Administrator
One Chruch Street
Montgomery, Al. 36104

/s/ Harvey B. Campbell, Jr.
Harvey B. Campbell, Jr.
Attorney for Debtor/Plaintiff
CAMPBELL & CAMPBELL, PC